## Rommel *v.* Summit Branch Coal Company, Appellant.

*Equity—Jurisdiction—Specific performance—Equitable status.*

A bill in equity against a corporation to compel the specific performance of a contract under which the corporation had agreed to issue bonds for scrip, cannot be maintained where it appears that the mortgage securing the bonds had been foreclosed, that the plaintiffs participated in the foreclosure proceedings by petition for leave to intervene, were cognizant of the amount of the bonds included in the decree, permitted the property covered by the decree upon the mortgage to be sold, and before distribution filed the bill.

In such a case the plaintiffs are not entitled to relief in equity, first, because the specific act sought to be compelled was not within the power of the defendant company, and second, because the plaintiffs were litigants in the forum which determined the amount secured by the mortgage in foreclosure, and by that forum their right to participation in the proceeds of the sale should be determined.

Argued Oct. 21, 1901. Appeal, No. 166, Oct. T., 1901, by defendant, from decree of C. P. No. 5, Phila. Co., March T., 1901, No. 2185, on bill in equity in case of Emma C. Rommel, Lewis A. Rommel, John Rommel, 3d, and Jacob Rommel, Exec-

utors of John Rommel, Jr., Deceased, and Emma C. Rommel v.
Summit Branch Coal Company.   Before RICE, P. J., BEAVER,
ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Reversed.

Bill in equity for specific performance.

From the record it appeared that Emma C. Rommel was the
holder of a scrip certificate of the defendant, issued May 2,
1899, for $300, certifying that "said Emma C. Rommel, or
bearer, is entitled, on demand made to the Summit Branch
Coal Company, to receive a bond or bonds of the Summit
Branch Coal Company in exchange for an equal amount of
this scrip when presented in even amounts of $1,000, or greater
multiples thereof."   The estate of John Rommel, Jr., deceased,
the other plaintiff, held a certificate in the same terms, issued
at the same time, for the sum of $850.

On November 8, 1899, the Girard Trust Company, trustee
under the mortgage securing the bond of the defendant com-
pany, instituted foreclosure proceedings on the mortgage.   The
plaintiffs intervened in the foreclosure proceedings, and per-
mitted the property covered by the mortgage to be sold.   After
the sale they presented their scrip to the company, and de-
manded a bond.   Upon their demand being refused, they insti-
tuted this suit, and the court below entered the following de-
cree :

And now, June 21, 1901, the above case having been heard
upon bill and answer, it is ordered and decreed :

1. That upon the delivery by the plaintiffs to the defendant
of the certificates of scrip for fractions of bonds issued by the
said defendant company, one of which certificates, in the sum
of $300, stands in the name of Emma C. Rommel, and the
other of which certificates, in the sum of $850, stands in the
name of the estate of John Rommel, Jr., deceased, that the
said defendant deliver to the plaintiffs one bond for $1,000,
being one of a series of 1,400 bonds of like amount, secured
upon all and singular the railroads, estates, real and personal,
corporate rights and franchises, and premises of the said defend-
ant.

2. That all the costs in the above case be paid by the de-
fendant.

484 RUMMEL *v.* SUMMIT BRANCH COAL CO., Appellant.

Assignment of Error—Opinion of the Court.    [18 Pa. Superior Ct.

*Error assigned* was the order of the court.

*F. P. Prichard,* with him *John G. Johnson,* for appellant.—
The separate owners of scrip, aggregating $1,150, had no right
to claim delivery to them of a bond.

Though two separate owners might demand a bond of $1,000,
under a demand made at a proper time, they had no right to
receive the same after a decree of foreclosure fixing the total
amount of the indebtedness secured by the mortgage.

*J. Martin Rommel,* for appellees.

OPINION BY WILLIAM W. PORTER, J., December 16, 1901:
Assuming that the plaintiffs were entitled to a bond for
$1,000 on surrender of scrip for $1,150, and assuming that
parties holding fractional parts of such scrip could jointly de-
mand the issuance of a bond, we arrive at the real difficulty in
this case, which is to ascertain upon what equitable ground the
bill of the plaintiffs is sustainable.    The case was argued on
bill and answer.    The decree requires the issuance of a bond
by the defendant company secured by a mortgage which, as al-
leged by the answer, has been foreclosed, and all the property,
" real and personal, rights and franchises mentioned in the said
mortgage," have been sold.    But equity does not require the
performance of impossible acts.    The decree is for specific per-
formance.    The facts set up by the answer show impossibility
of performance.    Furthermore, they who demand equitable re-
lief must disclose an equitable status.    Here the plaintiffs
knew of the foreclosure proceedings under the mortgage ; par-
ticipated therein by petition for leave to intervene ; were cog-
nizant of the amount of the bonds included in the decree ; per-
mitted the property covered by the decree upon the mortgage
to be sold ; and before the distribution of the proceeds of the
sale, ask in this separate proceeding that a bond be issued se-
cured by the mortgage upon which the foreclosure has been
had.    The conceded purpose of this is that the bond thus to be
issued and secured, shall have a standing to come in upon the
proceeds of the sale.    We think the plaintiffs are not entitled
to relief in this proceeding, first, because the specific act sought
to be compelled is not within the power of the defendant com-

pany on the facts set up by the answer; and second, because the plaintiffs were litigants in the forum which determined the amount secured by the mortgage in foreclosure, and by that forum their right to participation in the proceeds of the sale should be determined.

The decree of the court below is set aside and the bill of the plaintiffs is dismissed.